*784 OPINION.
Green:
The two issues presented in this appeal are: (1) Whether the income of $34,654.97 received by the petitioner during 1922 from the State of Oklahoma and/or its political subdivisions is taxable under sections 210, 211, 212 and 213 (a) of the Revenue Act of 1921, or whether it is nontaxable under section 1211 of the Revenue Act of 1926; and (2) whether the petitioner was justified in charging off as a bad debt in 1922 the amount of $12,502.46 expended by him in connection with the El Reno High School contract.
Section 1211 of the Revenue Act of 1926 provides that—
Any taxes imposed by the Revenue Act of 1924 or prior revenue Acts upon any individual in respect of amounts received by bim as compensation for personal services as an officer or employee of any State or political subdivision thereof (except to the extent that such compensation is paid by the United States Government directly or indirectly), shall, subject to the statutory period of limitations properly applicable thereto, be abated, credited, or refunded.
Based on the facts as set out in the findings, we are of the opinion that the petitioner was neither an officer nor an employee of the State of Oklahoma or any of its political subdivisions. The facts in this case are practically on all fours with the facts in Fred H. Tibbetts, 6 B. T. A. 827, in which we held that certain compensation received by Tibbetts from the State of California was taxable income and not exempt under section 1211, supra, and that an imposition of a tax on Tibbetts on such income did not amount to an interference with the exercise of Governmental functions by the State or its political subdivisions. What we said there is controlling here. See also Union Paving Co., 6 B. T. A. 527; Robert G. Gordon, 5 B. T. A. 1047; Emma B. Brunner, 5 B. T. A. 1135. It follows that the $34,654.97 in question was taxable income to the petitioner in 1922.
Concerning the second issue, the facts show that prior to the month of January, 1922, the El Reno Board of Education of the State of Oklahoma allowed to be issued certain district school bonds for the purpose of erecting in the City of El Reno, an addition to a high school building. Such bonds were shortly thereafter deposited with the Commercial Bank of El Reno and unsecured interest-bearing certificates of deposit of said bank issued in connection therewith. In the same month, the board of education entered into a written contract with the petitioner for the erection of the additions to the school building, the contract providing that the petitioner should receive his compensation in the form of the certificates of deposit. Pursuant to the contract, the petitioner began construction work and proceeded with the same until the month of March, 1922, *785 at which time the affairs oí the Commercial Bank were taken over by the Oklahoma State Banking Department. It having been reported that the bank was in a failed condition, the petitioner ceased construction work under the contract, up to which time he had incurred expenses and costs of $12,502.46.
During the year 1922, the petitioner made numerous efforts to realize on his claim, but without success. Investigations made during said year developed the fact that the Commercial Bank was insolvent to the extent that nothing would ever be realized by holders of its certificates of deposit, that the district school bonds had been exchanged by the Commercial Bank for worthless bonds of a defunct oil company, that certain officers of the bank and board of education had been indicted because of illegal transactions pertaining to the district school bonds and that for such reason the certificates of deposit were worthless. Having made efforts in the year 1922 to realize on his claim, the petitioner concluded that it was worthless and charged off same as a deduction for bad debts on his Federal income-tax return.
The petitioner having made repeated and unsuccessful efforts to realize on his claim and having exercised reasonable efforts to ascertain its worthlessness, the same in our opinion constitutes an allowable deduction from gross income. Appeal of John E. Saddler, 2 B. T. A. 1305; Appeal of Pacific Pipe & Supply Co., 2 B. T. A. 870; Appeal of Stieglitz Trieber Co., 1 B. T. A. 452; Appeal of Huning Mercantile Co., 1 B. T. A. 130; Appeal of T. J. Donahoe, 2 B. T. A. 355; Appeal of Egan & Hausman Co., 1 B. T. A. 556; Appeal of C. S. Webb, Inc., 1 B. T. A. 269; Appeal of Alemite Die Casting c& Manufacturing Co., 1 B. T. A. 548.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Sterni-iagen and AruNdell.